HENRIETTA B. POWER, Individually and as Executrix, etc., Appellant, *v.* HUGH CASSIDY as Surviving Executor, etc., et al., Respondents ; PETER RICE, Appellant.

The will of P. gave all of his estate, real and personal, to his executors in trust, with power to sell, and out of the proceeds of sale, or of the income, to pay to the wife of the testator a specified annuity during life, the same to be "in lieu of all dower or thirds" in his estate ; his residuary estate he gave, one-third to his wife, one-third to R., the balance he gave to his executors, "to be divided by them among such Roman Catholic charities, institutions, schools or churches in the city of New York" as the majority of his executors should decide, and in such proportions as they should think proper. At the time of the testator's death there were, in said city, many incorporated Roman Catholic charities, institutions, schools and churches capable of taking by devise or bequest ; and a majority of the executors designated certain of said organizations as the beneficiaries. In an action to obtain a construction of the will, *held,* that as there were organizations of the class specified capable of taking, and which could be ascertained, the provision as to them was not void for uncertainty ; that the fact that power was conferred upon the executors to designate the beneficiaries, and the share of each, did not impair or affect the legality of the provision ; that the executors were limited to such organizations as were capable of taking ; also that by the terms of the will there was an equitable conversion of the testator's real estate into personalty.

*Norris* v. *Thompson's Ex'rs* (19 N. J., 307) ; *Stubbs* v. *Sargon* (3 M. &. C., 507 ; 2 Keen, 255) ; *Morice* v. *Bishop of D.* (10 Ves., 522) ; *Ommanny* v. *Butcher* (1 T. & R., 260), distinguished.

*It seems,* that, had there been a failure to make the selection, the court would have power to decree the execution of the trust.

Also, *held,* that the widow of the testator was entitled to one-third of the whole residuary estate, including one-third of the sum set apart and invested to produce the annuity ; that the provision, giving to her a third, was not inconsistent with the provision providing for an annuity, but was a gift in addition to it.

Where a testator authorizes his executors to sell real estate, and it is apparent from the general provisions of the will that he intended a sale, the doctrine of equitable conversion applies, although the power of sale is not in terms imperative.

Orders were made directing the various corporations designated by the executors as the beneficiaries under the will to be brought in as parties defendants. *Held,* no error, that they were interested in the controversy, and were properly made parties under section 122* of the Code of Procedure.

(Argued January 16, 1880 ; decided January 27, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment, entered upon a decision of the court, on trial at Special Term.    (Reported below, 16 Hun, 294.)

This action was brought to obtain a judicial construction of the will of John H. Power, late of the city of New York, deceased, and to determine the validity of certain clauses of the will.

The clauses of the will in question are as follows :

" After my lawful debts are paid, I give and bequeath all my property, both real and personal, unto my executrix and executors hereinafter named, that is to say : to my beloved wife, Henrietta B. Power, and to my friends, Lewis J. White and Cassidy, of the city of New York, all of whom I have named as executrix and executors of this my last will and testament, to have and to hold the same and every part thereof unto the said parties, their heirs and assigns forever, upon the trusts, nevertheless, that they are to collect the money due on the bonds and mortgages due to me, and also the rents of my property, and sell and dispose of my stocks ; and out of the proceeds of the sale of my property, or of the income thereof, I direct my executrix and executors to pay to my beloved wife Henrietta, the sum of eight thousand dollars per year, in half-yearly installments of four thousand dollars, the first installment to be due and payable in one month after my decease ; the said sum of eight thousand dollars per year to be paid to my said wife during the term

* See section 452 Code of Civil Procedure.

of her natural life, and to be in lieu of all dower or thirds in my estate, either real or personal.

" I hereby appoint my wife, Henrietta, Lewis J. White and Hugh Cassidy, of the city of New York, executrix and executors of this my last will and testament, with full power to them, or to the survivors of them, to sell all my real and personal estate at such times as they may deem proper, with the exception of the house and lease of lot on Fifth avenue, between Fiftieth and Fifty-first streets, which I wish sold as soon as possible, and with power to them to go on and finish the same, and take the expense of finishing out of my estate. All the rest, residue and remainder of my estate, both real and personal, I give and devise one-third thereof to my beloved wife, Henrietta B. Power; one-third thereof to my nephew, Peter Rice, of the city of New York; and the balance I give to my executors, to be divided by them among such Roman Catholic charities, institutions, schools or churches in the city of New York, as a majority of my executrix and executors shall decide, and in such proportion as they may think proper."

The evidence showed that there were, at the death of the testator, regularly organized and incorporated Roman Catholic charities, institutions, schools and churches, located in the city of New York, competent to take the testator's gift; and that, after the death of the testator, Lewis J. White and Hugh Cassidy, the executors of the testator, named in the will, plaintiff having refused to join with them, decided, and in writing, designated ten Roman Catholic institutions of charity, asylums and hospitals, to take the one-third part of the testator's estate, above designated, and the proportions of each; all of which institutions were organized as corporations and capable of taking.

By various orders of the court the ten corporations so designated were, upon their motion, brought in and made parties defendant.

The trial court found, as conclusions of law: That, by the terms of the will, there was an equitable conversion of

all the testator's real estate into personalty, and that the
same, with the personal property, should be sold and con-
verted into money ; that the provisions of the will giving
one-third of the residuary estate to the executors, to be
divided by them as specified was valid, and that the corpora-
tions designated were entitled to take ; that the plaintiff was
entitled to the annuity specified, which was a first lien and
charge upon the principal of the whole of the testator's
estate ; that a sum sufficient to produce such annuity during
the life-time of the plaintiff must be set apart and invested
by the trustees in said will named, as provided in and by
said will, and by law and the rules and practice of this court ;
that the said plaintiff is entitled to one-third part of said sum
so to be invested to produce such annuity, and the said
defendant Rice one other third thereof, and the corporations
the other one-third in the proportions provided.

*J. W. Gerard,* for appellant. By the terms of the will
a legal title in the whole estate is vested in the trustees,
and is not left in the heirs or donated to the legatees.
(*Forsyth* v. *Rathbone,* 34 Barb., 388; Revised Statute, pt.
11, tit. 2, chap. 1, § 60.) From the general tenor and scope
of the will, the parties entitled to the estate are to take it
in its converted estate, *i. e.,* as personalty. (*Irish* v. *Husted,*
39 Barb., 411; *Arnold* v. *Gilbert,* 5 id., 190; *Dodge* v.
*Pond,* 23 N. Y., 69; *Hatch* v. *Bassett,* 52 id., 359; *Mon-
crief* v. *Ross,* 50 id., 431; *Vail* v. *Vail,* 7 Barb., 226;
10 id., 69; *Vail* v. *Vail,* 7 id., 226; 10 id., 269; *Arnold* v.
*Gilbert,* 5 id., 190; *McCaughal* v. *Ryan,* 27 id., 376.) No
trust is raised at all unless there is a definite beneficiary,
capable of coming into court and claiming the benefit
bestowed. (2 Story's Equity Jur., §§ 979, 964; *Wheeler*
v. *Smith,* 9 How. [U. S.], 55, 79; *Maurice* v. *Bishop of
Durham,* 10 Ves., 521; *Holmes* v. *Mead,* 52 N. Y., 332;
*Delaye* v. *Greenough,* 45 id., 438; *Wright* v. *Atkins,* 1
Turn. & Russ., 157; *Levy* v. *Levy,* 33 N. Y., 97; *Ellis* v.
*Selly,* 1 Myl. & Craig, 286; *Maurice* v. *Bishop of Dur-*

*ham,* 10 Ves., 522; *Norris* v. *Thomson's Exr.,* 4 C. E. Green ; N. J. R., 307; *Stubbs* v. *Sargon,* 2 Keen's R. [Eng. Roll], 255; again reported, 3 Mylne & Craig [Eng. Ch.], 507; *Ommany* v. *Butcher,* 1 Turner & Russell, 260; *Nash* v. *Morley,* 5 Beav., 182; *Sherwood* v. *Am. Bible Society,* 1 Keyes, 561; *Levy* v. *Levy,* 33 N. Y., 97; *McCaughal* v. *Ryan,* 27 Barb., 376; *Downing* v. *Marshall,* 23 N. Y., 366.) The statutory and other restrictions apply as well to trusts for religious or charitable purposes as to others. (*Ayers* v. *The Methodist Church,* 3 Sand. [S. C.], 357; *Yates* v. *Yates,* 9 Barb., 324; *Baptist Asso.* v. *Hart,* 4 Wheat., 1; *Fontaine* v. *Ravenel,* 17 How. [U. S.], 369; *King* v. *Rundle,* 15 Barb., 139; *Voorhees* v. *Presbyterian Church,* 17 id., 103; *McCaughal* v. *Ryan,* 27 id. 376; *Sherwood* v. *Am. Bible Society,* 1 Keyes, 561; *Phelps* v. *Phelps,* 28 Barb., 121; *Bascom* v. *Albertson,* 34 N. Y., 584; *Levey* v. *Levy,* 33 id., 97; reversing 40 Barb., 598; *Bascom* v. *Albertson,* 34 N. Y. 548; *Le Fevre* v. *Le Fevre,* 2 N. Y. S. C. R., 339; 59 N. Y., 434; *Holmes* v. *Mead,* 52 id., 332; *Burrill* v. *Boardman,* 43 id., 254.) The invalidity of the trust in question will not affect the other trusts. (*Savage* v. *Burnham,* 17 N. Y., 561; *Darling* v. *Rogers,* 22 Wend., 482; *Gilman* v. *Reddington,* 24 N. Y., 9; *Post* v. *Hover,* 33 id., 593; *Everitt* v. *Everitt,* 29 id., 99; *Harrison* v. *Harrison,* 36 id., 543; *Manice* v. *Manice,* 43 id., 303; *Van Schuyrer* v. *Mulford,* 59 id., 426.) The third of the residuary estate not validly disposed of by the will, is to be held by the executors subject to the statute of distributions, and there being no children of the deceased or lineal descendants, Mrs. Power, as widow, is entitled under said statute to one-half thereof. (*Le Fevre* v. *Le Fevre,* 59 N. Y., 434; *Hapgood* v. *Hoagton,* 22 Pick., 480; *East* v. *Cook,* 2 Ves. Sen., 30; *Ward* v. *Ward,* 15 Pick., 511; *Pickering* v. *Lord Stamford,* 2 Ves. Jun., 272, 581; 3 id., 332, 493; *Pickney* v. *Pickney,* 1 Brad., 269; *Hatch* v. *Bassett,* 52 N. Y., 359.) In case Mrs. Power does not take as widow, she would take half of the lapsed legacy as one of the two residuary lega-

tees, in preference to the next kin. (*Youngs* v. *Youngs*, 45
N. Y., 254; *Craig* v. *Craig*, 3 Barb. Ch., 78; 2 Williams
on Exrs., 1312, 1313, 1314; *Beekman* v. *Bonsor*, 23 N. Y.,
298; *Easums* v. *Appleford*, 5 Myl. & Craig, 83, 1837;
*Banks* v. *Phelan*, 1848, 4 Barb., 80–90; 2 Roper on Leg.,
453; *Haxtun* v. *Corse*, 2 Barb. Ch., 506; *James* v. *James*,
1833, 4 Paige, 117; *Bowers* v. *Smith*, 1843, 10 id., 193.)
Where a testator directs his land to be sold, and the pro-
ceeds to be divided or paid over, the obvious purposes is a
sale for the convenience of division, and the beneficiaries
take their interests as money, and not as land. (*Drake* v.
*Pell*, 3 Edw., 251; *Marsh* v. *Wheeler*, 2 id., 156; *Kings* v.
*Woodhull*, 3 id., 79; *Meakings* v. *Cromwell*, 5 N. Y., 136,
affirming 2 Sand., 512.)  The court should not discharge
the estate from the lien of the annuity. (*Pierrepont* v.
*Edwards*, 25 N. Y., 128.)

*B. F. Dunning*, for appellant Peter Rice. · The surplus of
the personal property can be used to provide for the annuity
payable to the plaintiff, and if insufficient the balance can be
taken from the income of the real estate. (*Gourley* v.
*Campbell et al.*, 66 N. Y., 169.)  In case the one-third of
the residue given to the executors for charitable purposes is
for any reason ineffectually disposed of, the widow cannot
participate or share in its distribution. (*Chamberlain* v.
*Chamberlain*, 43 N. Y., 424, 441, 446; *Pickering* v. *Stam-
ford*, 2 Ves., 272; *Pinckney* v. *Pinckney*, 1 Brad., 269; 43
N. Y., 446; *Beekman* v. *The People*, 27 Barb., 261, see
page 281; *Van Kleeck* v. *Dutch Church*, 6 Paige Ch., 600;
*Downing* v. *Marshall*, 23 N. Y., 366.)

*John E. Develin*, for respondents. The clause of the will
which makes provision for the Roman Catholic charities and
institutions is valid. (2 R. S., 57, §§ 1–3; id., 60, § 21;
*Clapp* v. *Fullerton*, 34 N. Y., 197; *Seguine* v. *Seguine*, 3
Keyes, 663; *Williams* v. *Williams*, 4 Selden, 525, 548, 549;
*Owens* v. *Miss. Soc.*, 14 N. Y., 380, 386–406; *Bascom* v.

*Albertson*, 34 id., 584; *Adams et al.* v. *Perry et al.*, 43 id., 487; *Holmes* v. *Mead*, 52 id., 337; 2 Redfield on Wills, 779; *Lilley* v. *Hey*, 1 Hare, 580; *Shotwell* v. *Mott*, 2 Sand. Ch., 46; *Rull* v. *Rull*, 8 Conn., 48; *McLaughlin* v. *McLaughlin*, 30 Barb., 458; *Trustee* v. *Colgrove*, 4 Hun, 362; *Norru* v. *Thomson's Ex'r*, 19 N. J. R., 307; R. S., part 2, chap. 1, tit. 2, art. 3, §§ 97, 98, 99; 1 R. S., 734; *Post* v. *Hover*, 33 N. Y., 601; *Dubois* v. *Ray*, 35 id., 162; *Lefevre, Ex'r*, v. *Lefevre*, 59 id., 434; *Holmes* v. *Mead, supra; Hoey* v. *Kenny*, 25 Barb., 396.) It is immaterial whether the property given to the executors to divide be real or personal, or both. (R. S., part 2, chap. 4, tit. 4, § 2; 1 R. S., 373; *Campbell* v. *Foster*, 35 N. Y., 372; *Manice* v. *Manice*, 43 id., 381, 382; *Gott* v. *Cook*, 7 Paige, 534, 535.) The designation of these respondents by the two executors to be the beneficiaries, was a valid execution of the power contained in the will. (*Horton* v. *Garrison*, 23 Barb., 176; *Matter of Church Street*, 49 id., 455.) The executors possess by the will the power to sell the real estate ; and although their authority is only permissive, yet if its exercise for the purpose of the will be proper, they are under a duty to sell. The provision in the last clause of the will does not create a trust, but only a power in trust. (1 R. S., 732, § 74.) The court has power to direct an investment to produce the annuity for the widow, and, after a sufficient sum had been invested in good faith to produce that amount annually, to release the estate from further charge on account of it. (*Cook*, 7 Paige, 535.)

MILLER, J. The testator by the first clause in his will gave and bequeathed all his property, both real and personal, to his executrix and executors, " to have and to hold the same * * * upon the trusts, nevertheless, that they are to collect the money due on the bonds and mortgages due to me, and also the rents of my property, and sell and dispose of my stocks; and out of the proceeds of the sale of my property or the income thereof, " he directed

that the sum of $8,000 a year be paid to his wife in half yearly installments " during her natural life, and to be in lieu of all dower or thirds" in his estate. After making other bequests and conferring power upon his executrix and executors to sell his real and personal estate, he devised one-third of the rest, residue and remainder of his estate to his wife, one-third to his nephew, Peter Rice, and provided as follows : " And the balance I give to my executors, to be divided by them among such Roman Catholic charities, institutions, schools or churches in the city of New York as a majority of my executrix and executors shall decide, and in such proportion as they may think proper. "

The first question which arises relates to the validity of the clause last above cited. It is insisted by the counsel of the plaintiff, who is an executrix named in the will and the widow of the testator, that no definite beneficiary capable of taking is designated, and that there is no absolute certainty as to the nature and terms of the bequest; and the well settled doctrine is invoked, that where the conditions of the trust created are so vague and indefinite that a court of equity cannot clearly ascertain either the objects or the persons who are to take, the trust will be held to fail, and the property will fall into the general fund of the author of the trust : (Story Eq. Jur., §§ 964, 979.)

If we give full force and effect to the rule stated and hold that the language employed must be such as to show that the object is certain and well defined ; that the beneficiaries are either named or capable of being ascertained within the rules of law which are applicable to such cases ; and that the trusts are of such a nature that a court of equity can direct their execution, we are of the opinion that the gift in question was valid and should be upheld.

The clause cited designates a certain class of institutions as objects of the testator's bounty, to which from religious association he was evidently attached, and in whose prosperity we may assume he felt an interest. The terms of the will embraced charities, schools, churches and institutions, to

which the testator could lawfully have made a direct and valid devise or bequest, and had he selected any of them by name to take a specific portion of his estate, no question would arise as to their right to accept the disposition thus made. That he conferred power and devolved upon a majority of his representatives the duty of designating the organizations which should be entitled to participate in a portion of his estate, and the proportion which each should have in the same, does not, we think, impair or affect the legality of the provision cited, so long as the organizations referred to had an existence recognized by law, were capable of taking, and could be ascertained. The evidence established — and it is beyond any question — that at the time of the execution of the will, and at the time of the testator's death, there were numerous incorporated Roman Catholic benevolent institutions, charities, churches, and schools in the city of New York, which, under the provisions of their several charters, were authorized to take, by devise or bequest, both real and personal estate, and that a portion of these were designated by a majority of the executrix and executors named in the will. The right to make such designation is fully sustained by the decisions of this court. In *Holmes* v. *Mead* (52, N. Y., 332), it was held that a beneficiary need not necessarily be described by name ; that it is not material that a legatee should be definitely ascertained and known at the date of the will, or even at the death of the testator ; and it is sufficient, if he is so described, that he can be ascertained and known when the right to receive the gift accrues. In *Le Fevre* v. *Le Fevre* (59 N. Y., 434), a misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, was held not to invalidate the provision, if, either from the will itself or evidence *aliunde*, the object of the testator's bounty can be ascertained ; and to identify a particular corporation, as the one intended, where a wrong name is used, the identity may be proved by parol evidence. Numerous authorities sustain bequests and devises to executors or trustees which confer

upon them authority to divide the same among such persons as they may select from certain classes which are designated, and among such children or relatives, who are intended to be provided for, whom they may deem proper : (*Liley* v. *Hey*, 1 Hare, 580 ; *Shotwell* v. *Mott*, 2 Sandf. Ch., 46 ; *Bull* v. *Bull*, 8 Conn., 48 ; *McLoughlin* v. *McLoughlin*, 30 Barb., 458 ; *Trustees* v. *Colgrove*, 4 Hun, 362 ; *Norris* v. *Thomson's Ex'rs.*, 19 N. J., 307.)

In the case last cited, which is relied upon by the counsel for each of the parties, the power of appointment authorized a devise by the testator's wife among such " benevolent, religious or charitable institutions as she may think proper ; " and it was held to be invalid because it was so vague and uncertain that it could not be enforced. It will be observed that no class of institutions were designated, and the chancellor decides that as the power was to give to any of the three, and as " *benevolent* " institutions were more indefinite and of a wider range than " *charitable or religious* " institutions, and would include all gifts prompted by good will or kind feeling towards the recipient, whether the object of charity or not, the devise was void. The case supports the position that a designation of a class of benevolent institutions would have rendered it valid, and maintains the doctrine contended for by the counsel for the organizations who have been designated by the executors. The cases cited by the appellant's counsel are not in conflict with those already referred to. In *Stubbs* v. *Sargon* (3 Mylne & Craig, 507; 2 Keen, 255), the testatrix during her life had delivered a note of two thousand pounds to a third person, upon which was indorsed an instrument which declared that the note was given for the sole use and benefit of the holder, independent of her husband, for the express purpose of enabling her to present to either branch of the family of the donor any principal or interest the donee might consider most prudent, with power to dispose of the same by will or deed " to either branch of the family she may consider most deserving thereof ; " and it was held that it was a gift upon trust, and

that the trust failing, the sum secured by the note constituted part of the testatrix's estate. While it may well be that the trust was too indefinite to be executed and hence was void, the case is not analogous to a testamentary disposition for the benefit of organizations which have a legal existence and which can be easily ascertained. But even if the case last cited was favorable to the position claimed, it would, we think, be against the general current of authority which upholds trusts of this character. In *Morice* v. *The Bishop of Durham* (10 Ves., 522), the devise was for such objects of benevolence and liberality as the trustee in his discretion shall approve; and it was held that it could not be supported as a charitable legacy. The decision was put upon the ground that the word "liberality" meant something different from charity, and hence the bequest was not within the statute of charitable uses. In *Ommanny* v. *Butcher* (1 Turn. & Russ., 260), the devise was very indefinite, and the principal question considered related to the residuary clause in the will. The case last cited was recently considered in *Kerr* v. *Dougherty*, and has, I think, no direct bearing upon the question now presented. The other cases cited do not require especial consideration.

The bequests made could only be carried into effect by the selection of organized bodies, and hence no danger is to be apprehended from an improper selection. Nor is there, in my opinion, any difficulty in determining to what class the words "Roman Catholic" apply. It is a well known designation of a denomination of Christians, who have adopted this name, and have distinct tenets, and has been frequently recognized in various legislative enactments in reference to this organization. It has its churches, institutions of learning, charitable and other, bodies, which might be easily selected as objects of consideration, as provided by the will. The executors were to decide which of all the institutions known as Roman Catholic were entitled to the benefits to be conferred, and no embarrassment appears to have been experienced in making a selection; nor is it

apparent why such a disposition of a portion of an estate could not be carried into effect. The rule is well settled that when a gift is capable of being executed by a judicial decree, there is no reason why a court should not execute it: (*Williams* v. *Williams*, 4 Seld., 578; *Owens* v. *Mis. Soc.*, 14 N. Y., 408.) Had there been a failure to make the selection as provided, for any reason, within the authorities cited, the court would have power to decree the execution of the trust. The first clause in the will gives all the property of the testator to his executrix and executors in trust for certain purposes specified. So much of the estate only as was necessary to carry these purposes into effect passed under this provision, and the remainder was to be divi led as directed. The intention of the testator was plainly manifest as to such remainder, and he had a perfect right to make such a disposition of his estate, after it was converted into personalty. The law does not limit or confine trusts as to personal property, except in reference to the suspension of ownership, and they may be created for any purpose not forbidden by law: (*Bucklin* v. *Bucklin*, 1 Keyes, 141; *Gott* v. *Cook*, 7 Pai., 534.) As for the reasons stated the provision in the last clause can be carried into effect, we do not deem it necessary to consider whether it may be regarded as a power in trust under the provisions of the Revised Statutes: (1 R. S., 732, §74; 734, §§ 95–100.

The court were clearly right in deciding that by the terms of the will there was an equitable conversion of all the testator's real estate into personalty. The whole scope and tenor of the will evinces that the testator intended such a conversion, and that the estate should be divided as personal estate. The doctrine of equitable conversion is quite familiar, and the rule on the subject is well settled. It is obvious upon the face of the will that the testator designed that such conversion should be made. The executrix and executors are vested with full power and authority to sell as they may deem proper, and after making ample provisions for the wife of the testator and directing the payment of certain legacies

which are specified, the residue is to be divided; one-third to the widow, one-third to a nephew, and the "balance" among a class of institutions to be designated, and in proportions to be fixed as directed. The language could not have been more emphatic and direct to carry out the design of a division of the remainder as personal estate. The estate could only be effectually divided, and the purposes of the will efficiently carried out, by converting the real into personal estate; for otherwise a division would involve a public sale or a partition of the real estate, and lead to embarrassment and expense, and, perhaps, to a serious reduction of the amount which might be realized upon a forced sale of the real property, the avails of which were to be distributed. Any other construction would necessarily interfere with the accomplishment of the benevolent designs and charitable purposes which the testator had in his mind when he made his will, and be adverse to the general rule of interpretation which is applicable in cases of this description.

A point is made that the use of the word "devise" is inapt and inappropriate if confined to the personalty. It is employed in connection with the word "give" in the first part of the last clause in the will, and was pertinent and perhaps essential, in order to cover fully both the real and personal estate. It is, however, qualified and controled by the subsequent words "I give the balance," which could only mean what remained of the personal after the conversion of the real estate into personalty. This last expression does not devise the real estate, but it bequeaths only the "balance" of moneys realized after the real estate had been sold and became personal property, and which remained undisposed of. That the direction to sell was not imperative, is by no means conclusive; for where a testator authorizes his executors to sell real estate, and it is apparent from the general provisions of the will that he intended such real estate to be sold, the doctrine of equitable conversion applies, although the power of sale is not in its terms imperative: (*Dodge* v. *Pond*, 23 N. Y., 69.)

Nor is there any valid ground for the claim made by the counsel for the appellant Rice, that the judge erred in holding that the plaintiff was entitled to one-third of the whole residuary estate and one-third of the sum to be invested to produce the annuity provided for by the will. The clause in the will which provides for such annuity states that it is to be in lieu of all dower or thirds in the estate of the testator; but it does not state that it is in the place of all bequests. It was intended to provide against any claim of the widow for dower or thirds in his estate after his death, and not against any provision which might be made in the will in her favor. The subsequent provision in the residuary clause is not, therefore, inconsistent with the provision referred to. It was a gift in addition to that which had been previously bestowed upon the testator's wife, and the intention of the testator is clearly shown by the will to be that both his wife and nephew should share equally in the residuum; and where this is manifest, it is a controlling element in the interpretation of wills. A different construction would give the nephew more than was intended, and should not be upheld for this reason.

It is also quite obvious that the widow, as residuary legatee, is entitled to one-third of the principal set apart for her benefit, out of which the annuity is to be realized. The residuary legatees by the will are entitled to all the remainder, of every name and description, which is not disposed of. This constitutes a part of such remainder and vests at the time of the testator's death, and is payable to the representatives of the widow after her decease.

We discover no objection to the orders made directing that the respondents be brought in as parties defendant. They were interested in the controversy, had a right to be heard, and hence were properly made parties under section 122 of the Code.

No question as to the investment to be made to produce the annuity for the benefit of the widow arises upon this appeal. That is a matter for the Supreme Court, in case

any question shall arise as to the exercise of the power to invest by the trustees.

No other question presented requires examination, and we think the judgment was right and should be affirmed, with costs of all the parties in this court and of the court below to be paid out of the estate.

All concur.

Judgment affirmed.