WILLIAM M. PRICHARD and JOHN LEE SMITH, as Executors of and Trustees under the Will, etc., of WILLIAM D. THOMPSON, Deceased, Respondents, *v.* JOHN B. THOMPSON, in his own Right, and as one of the Executors of and Trustees under said Will, Appellant.

*Will — validity of a discretionary power conferred upon executors, to distribute a fund among charitable institutions — when the interest upon the fund is to be distributed with it.*

A testator gave and bequeathed to his executors bonds and stocks amounting at their par value to the sum of $150,000, to be distributed and applied to such charitable and educational uses, and in such manner as should be specified and directed in a codicil to his will, which he was not then prepared to make. In case no such codicil was made, then, upon trust, to distribute the said sum to and among such incorporated societies, organized under the laws of the State of New York or the State of Maryland, having lawful authority to receive and hold funds, upon permanent trusts, for charitable or educational uses, as his executors, the survivors or survivor of them, should select, and in such several sums as they should determine. The distribution was to be made and completed in the lifetime of the longest liver of two persons named in the will, and, at any rate, before the expiration of three years from the testator's decease. The testator died without having made the codicil referred to in the will, and thereafter stocks and bonds of the par value of $150,000 were transferred to the executors.

*Held,* that the direction authorizing them to distribute the fund among such of the corporations named as they should select was valid.

That all interest received upon the stocks and bonds after the expiration of one year from the death of the testator should be included in and distributed with them.

Appeal from so much of the judgment of the Special Term as establishes the validity of the tenth paragraph of the will of the plaintiffs' testator. The action was brought to obtain a construction of the testator's will.

*E. H. Hawks*, for the appellant.

*D. Smith*, for the respondents.

DANIELS, J.:

By the tenth paragraph of the will, the testator bequeathed and gave to his executors, bonds and stocks amounting at their par value to the sum of $150,000, upon the trust that they should distribute and apply the same to such charitable and educational uses, and in such manner as should be specified and directed in a codicil to his will, which he was not then prepared to make, and directed further in case such codicil should not be completed and executed, so as to form a part of his will, then upon trust to distribute the said sum of $150,000 among such incorporated societies, organized under the laws of the State of New York or the State of Maryland, having lawful authority to receive and hold funds upon permanent trusts for charitable or educational uses as my said executors, the survivors or survivor of them, shall select for that purpose, and in such several sums, not exceeding in any case the amount that such incorporated body is empowered by law to take and hold upon the uses aforesaid, as they, my executors, the survivors or survivor of them, shall determine.

He did not prepare or execute such a codicil, and consequently left this bequest to be distributed under this direction contained in the will.

It was further directed that the selection and distribution to the societies should be made and fully completed within the lifetime of the longest liver of the two persons lastly named in the fourteenth clause of the will. This clause nominated the executors selected by the testator for the execution of the will, and the last two named in it were William M. Prichard and John B. Thompson. The division and distribution which it was intended should be made was therefore required to be entirely completed within the lives of these two individuals, and that did not exceed the period during which by the statute the absolute ownership of the property might be lawfully suspended (2 R. S. [6th ed.], 1167, § 1); and the expectation expressed by the testator that the division should be completed at any rate before the expiration of three years after his decease had no tendency to prolong this period. It was, on the other hand, intended

to abridge it and require that the division should be made within the designated period of three years, although that should be less than the time limited upon the lives of the last two persons named in the fourteenth clause of the will. The design of the testator was that it should certainly take place within the lives of those two persons, and that in no event should it exceed the period of three years. This construction is entirely consistent with all that is contained in the will concerning the distribution of this property. And even if the directions might be regarded as ambiguous, it is the duty of the court to adopt it for the purpose of sustaining rather than defeating the disposition intended to be made by the testator of this portion of his estate.

This paragraph of the testator's will was not incapable of being executed by reason of the discretion committed by it to the executors in the selection of the societies to participate in the distribution of the estate. That there were such incorporated societies organized under the laws of this State, and also under the laws of the State of Maryland, having authority to receive and hold funds upon permanent trusts for charitable and educational uses, and from which a suitable and proper selection could be made for the distribution of this portion of the estate of the testator, was found as a fact in the case. The objects generally intended to be benefited were capable of being selected under the exercise of the authority vested by the will in the executors, and that they were given this general power of selection does not appear to be inconsistent with any principle of law applicable to such a disposition.

In *Power* v. *Cassidy* (16 Hun, 294; S. C., affd. 79 N. Y., 602) such a power of selection, when limited to the Roman Catholic charities, institutions, schools or churches in the city of New York, as the majority of the trustees should select, and in such proportion as they should think proper, was sustained by this court and the Court of Appeals. And the fact that the power of selection in the present case was so extended as to include the incorporated societies of this State, or of the State of Maryland, having lawful authority to receive and hold funds upon permanent trusts for charitable or educational uses, will not so distinguish this case from that which was then decided as to require the application of any different principle to its disposition. Whether the executors should be limited in their power of selection

to a certain class of institutions of a city, or to another class in the entire State, will not change the application of the principle. That which would include the former would apparently be equally efficient in its comprehension of the latter. The power given to the executors to make the selection and divide this portion of the testator's estate between the incorporated societies selected was, therefore, in conformity to the law and should be carried into effect by the executors. They have been given no discretion upon this subject, but have been required to distribute this sum in the manner provided for in the will, and the judgment properly directed them to carry the provisions made upon this subject into effect.

The disposition directed to be made of this portion of the estate is not affected by anything contained in *White* v. *Howard* (46 N. Y., 144). The restraints which were there observed related to the real property of the testator and are not controlling in a case of this nature. What this testator required to be done was that this portion of his estate should in the end be divided between such incorporated societies as had lawful authority to hold the funds intended to be given them, upon permanent trusts, for charitable or educational uses; and no law or authority of this State prevented that design from being carried into effect. Even if the societies should be selected in the State of Maryland they must be such as would be legally capable under the laws of that State of receiving funds upon such a trust; and no more than that could be required for the purpose of sustaining the direction given upon this subject. (*Chamberlain* v. *Chamberlain*, 43 N. Y., 424.) And that there were such societies has been established as a matter of fact in the case.

By the judgment which was entered, the income of the $150,000 of bonds and stocks required to be appropriated for this purpose was held to be distributable with the stocks and bonds themselves after the expiration of one year from the granting of letters testamentary. Upon a settlement of the accounts before the surrogate a similar provision was made upon the subject, and both seem to be conformable to the directions given by the will as well as the statute declaring in general terms the time within which legacies should become payable by the will. The executors were required to select from the productive bonds and stocks of the testator's estate this amount of $150,000, and they were bequeathed and given to them

for this purpose. As an incident of the title so created the income of the securities would also be held by the executors for the benefit of these ultimate beneficiaries.

The executors did as a matter of fact select, set off and transfer to themselves, as trustees, the bonds and stocks of the testator's estate, amounting at their par value to the sum of $150,000, upon the trusts created by the tenth paragraph of the will; they therefore held them for the sole and only purpose of making this distribution. From that time they were in their hands as trust property for the benefit of the distributees which they were required to select; and the fact that they delayed making the selection, which they should otherwise have made, could not deprive the societies intended to be benefited of their shares of the income.

The case appears to have been in all respects properly disposed of at the trial, and the judgment should therefore be affirmed, with costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., DANIELS and MACOMBER, JJ.

Judgment affirmed, with costs.