Bergen, Surr.
— The contestants insist that the foregoing provisions are invalid, and I am asked, upon admitting the will to probate, to determine the validity of the bequest in question, as provided by section 2624 of the Code of Civil Procedure.* The counsel for the contestants contends that the third clause was void for the reason that there was no donee, or legatee of this gift, and further that it was given for superstitious uses and therefore void. Had the decedent directed her executors to expend one hundred dollars for the purpose of erecting a monument over her grave or the purchasing of a vault in which to place her remains, there could be no question as to the validity of their directions as long as it did not affect the right of creditors (See Emmons v. Hickman, 12 Hun, 425). But in this case, the direction is that they take “ one hundred dollars for the purpose that masses be read for my poor soul.” If she had the legal right to direct the *434 manner of her burial, and the expenses to be incurred in so doing, it cannot be denied that she also had the right to direct that the amount named should be expended for masses. But it is contended that the direction for saying masses for the souls of the dead is void, because given for superstitious uses. That doctrine was sustained in some of the early English cases, where a legacy for that purpose was held void. In the case of West v. Shuttleworth, 2 Milne & K. 684, decided in 1835, the Chancellor says: “The legacies in question are not within the terms of the statute of Edward VI., but that statute has been considered as establishing the illegality of certain gifts, and among others the giving legacies to priests to pray for the souls of the. donors has been decided to be within the superstitious uses intended to be suppressed by the statute. The same doctrine was upheld in Hath v. Chapman, 2 Drury, 417. In another case, In re Bundell’s Trust, 30 Beav. 602 ; 31 L. J. Ch. 52, the master of the rolls, upon the principle of stare decisis, very reluctantly follows West v. Shuttleworth (supra), while expressing great difficulty whether gifts for religions ceremonies practiced by dissenting classes of religionists might not be practiced if not opposed to public morality.” Such a legacy was sustained as a valid bequest in the case of the Commissioners of Charitable Donations and Bequests v. Walsh, reported in a note in 7 Irish Eq. 17, and in the subsequent case of Read v. Hodgekins, 7 Irish Eq. 17, such a legacy was held to be valid. While I have been unable to find any decision in this State upon the question, I prefer to accept the doctrine laid down in the Irish cases, to that of the English, as more in accord with equal religious toleration as accepted in this country. I am satisfied that the doctrine of superstitious uses is against the spirit of our institutions and should not be adopted by our courts. In this case the decedent was a member of the Roman Catholic *435 Church, and saying masses for the souls of the dead is a ceremony universally observed in that church.
It appears to me that such bequests cannot be said to be for superstitious uses when we find that it is one of the articles of the Roman Catholic faith, which has been adopted by millions of people through the civilized world as a part of their religious belief.
In reference to the sixth clause of the will it is conceded that the church therein named is duly incorporated under the law of this State, and is therefore authorized to accept legacies.
But it is further argued against the validity of that clause that the latter portion of it makes no definite beneficiaries capable of coming into court and claiming the benefit bestowed. In the case of Power v. Cassidy, 79 N. Y. 602 ; S. C., 1 Am. Prob. R. 368 ; aff’g 16 Hun., 294, 301, where the balance of the testator’s estate was given to his executors “to be divided among such Roman Catholic charity institutions in the city of New York as the majority of his executors should decide and in such proportions as they should think proper,33 the gift was held valid. The case at bar differs from that in that it directs the pastor of the church to select the charity institutions as subjects of her bounty, instead of her executors. The beneficiary need not necessarily be described by name ; it is sufficient if he is so described that he can be ascertained and known when the right to receive the gift arrives (Holmes v. Mead, 52 N. Y. 332).
I am therefore, of the opinion that both clauses must be construed as valid, the latter clause being subject to the limitation imposed by chapter 360, Laws of 1860.*

 This section extends to surrogates’ courts generally, the power formerly given by the act of 1870 to the court in the city of New York to try the validity or construction of any clause in a will when contested on probate. This power, however, does not seem to be conferred in case of proceedings to revoke probate. § 3647, and Mr. Thkoop’s note.

 In connection with that act, which applies to every “ benevolent, charitable, literary, scientific, religious or missionary society, association or corporation,” and is applicable to foreign corporations. See §6 of the general act (for the formation of corporations for “benevolent, charitable, literary, scientific, missionary or mission or *436 other Sunday-school purposes, or for the purpose of mental improvement in religious knowledge, or the furtherance of religious opinion.” L. 1848, c. 319, § 1, as amended by L. 1873, c. 649, and further extended in purposes by L. 1870, c. 51), by which the share which a corporation formed under that act may take is restricted to one-fourth of the estate. This restriction, it is held, applies also to any corporation formed under a special charter which contains the usual clause, making it subject to “all provisions of law” affecting devises, &c. Kerr v. Dougherty, 79 N. Y. 327; aff’g 17 Hun, 341, which modifies 59 How. Pr. 44. As to the application of the restrictions in these acts to foreign corporations and to churches or “ religious corporations,” see Hollis v. Hollis, 29 Hun, 325, and Stevenson v. Short, Ct. of App., 1883, not yet reported.