ISAAC BIJUR AND OTHERS, AS EXECUTORS, ETC., APPELLANTS,. *v.* PAULINA BIJUR, RESPONDENT.

*Will — construction of, as to a power being given by implication to a trustee to sell.*
*real estate included in the residue of the estate devised in trust,*

The testator, to obtain a judicial construction upon whose will an action was brought, died possessed of property No. 127 Maiden lane and No. 41 West Fifty-third street, in the city of New York, and of a small parcel of land in New Jersey. By his will he directed his executors to divide his residuary estate,. including the property above mentioned, into three parts, one of which he gave to his wife, another to his executor in trust, "to invest, and keep the same invested in bonds and mortgages on productive real estate, or in United States government or State bonds or securities," until one of his sons should attain his majority, and the third part he left to his executor under a like trust for the benefit of his other son. The will also directed that in making division of his. estate an undivided one-half of the store 127 Maiden lane should be included in the trust fund set aside for each of his sons at a valuation specified in the will;.

and there was a further provision that his wife should have the privilege of taking his dwelling-house in West Fifty-third street at a valuation specified.

*Held*, that although the direction that the share left in trust for the benefit of each son should be invested in bonds and mortgages, or in government securities, seemed to imply that a sale was to be made of the testator's real estate, yet the provision for including in each son's share one-half of the Maiden lane property at a valuation, and the option given to the widow to purchase the Fifty-third street property, showed that the testator had in view an actual division of his real estate; that the provisions of the will in regard to investments referred, therefore, only to the personal property of the testator, and the will did not contemplate that any sale of the real estate should be made by the executors.

. APPEAL from a judgment, entered at Special Term, construing :the will of Asher Bijur, deceased.

*M. M. Friend*, for the appellants.

*Isaac L. Rice*, for the respondent.

BARTLETT, J.:

This is a suit to obtain a judicial construction of the last will and testament of Asher Bijur, deceased, and of the codicil to said will. The testator was the owner of three pieces of real estate, consisting ·of a house and lot No. 127 Maiden lane, in the city of New York, a house and lot No. 41 West Fifty-third street, and a small parcel of land in the town of Guttenberg, New Jersey. These lands were not specifically devised but formed a part of the residuary estate.

The codicil directed the executrix and executors to divide the residuary estate, real and personal, into three equal parts. One of these parts was devised and bequeathed to the testator's wife, another to the executrix and executors in trust, "to invest, and keep the same invested, in bonds and mortgages on productive real estate, or in United States government or State bonds or securities," until the testator's son, Nathan Bijur, should attain his majority, and then to pay over to him the whole of his portion with all accumulations. The third equal part was devised and bequeathed upon a like trust for the benefit of the testator's son Joseph Bijur.

The codicil also contained the following provisions: " I further order and direct that, in making such division of my estate, the undivided one-half of the store No. 127 Maiden lane, in the city of New

York, be included in the share or portion given or devised to my executrix and executors, in trust for my son Nathan, at a valuation of twenty-thousand dollars for such one-half, and the other one-half shall be included in the share or portion given or devised to my executrix or executors, in trust for my son Joseph, at the same valuation."

There was a further direction in the codicil that the testator's wife should have the privilege or option of taking his dwelling-house, in West Fifty-third street, as a portion of her share of the estate, at a valuation of $40,000.

The only question presented for our consideration upon this appeal is whether the testamentary provisions for the division of the residuary estate caused an equitable conversion of his lands into personalty from the moment of his death. The will does not confer upon the executors any power of sale in express terms, and if any such power exists, it must be implied from the direction to divide. Exp ess words are not essential to work an equitable conversion. It may arise from implication only. (*Hobson* v. *Hale*, 95 N. Y., 588, 597.) But in the case cited it is held that in order to uphold a conversion of real estate into personalty, where there is no express direction to convert, the implication should be so clear as to leave no question in regard to the testator's design. An examination of the will and codicil before us not only gives rise to serious doubt as to whether he intended that his real property should be sold, but tends to convince us that he did not contemplate its sale.

Standing by itself the direction that the share left in trust for the benefit of each son should be invested in bonds'and mortgages, or in government securities, would seem to make a sale necessary; but the provisions for including in each son's share one-half of the Maiden lane property, at a valuation of $20,000, shows that the testator had in view an actual division of his real estate, and leads to the inference that the provisions of the will and codicil in regard to investments refer only to the personal property of the testator. It cannot be held here, as was held in *Power* v. *Cassidy* (79 N. Y., 602), that a conversion of the real into personal property was essential to an effectual division of the estate; for the language of the testator shows that he thought otherwise, and there is no evidence in the case that an actual partition is impracticable.

For these reasons, and those given by Mr Justice Lawrence in the opinion below, we think the judgment should be affirmed, without costs to either party on this appeal.

Van Brunt, P. J., and Macomber, J., concurred.

Judgment affirmed, without costs.