## In re BAILEY.

### (Surrogate's Court, Chenango County. December, 1889.)

WILLS—CONSTRUCTION—RIGHTS OF LEGATEES.

Testatrix left her residuary estate to her executor in trust, to convert into bonds, and from the income thereof to pay such sums as he should in his judgment think necessary for the support of her sister, but only in case she should be in "absolutely needy circumstances;" the surplus in any year to be paid the trustees of a certain church, to be used solely for the purpose of paying the salary of the minister, and the whole of the income to be so paid, if not needed for the support of the sister. The will further provided that after her sister's death, if the said church should be in good standing, and her executor should regard it safe, and for the best interests of her estate, he should in that event hand over to the trustees of the church the residue of her estate, or the securities representing it, and the church trustees should thereafter be the trustees of the fund under her will, and be governed in all respects by the directions therein in regard to the fund, in no event using any part of the principal for any purpose, and only appropriating the income in the manner and for the purpose indicated and directed in her will, and, from the time of handing over and delivering the fund to the church trustees, her executor should be discharged from the care of and liability for the fund. It was further provided that, if at any time such investments as the will prescribed could not be made, the executor or the church trustees, whichever should then have control of the fund, should invest it under the direction of the surrogate. *Held* that, after the sister's death, the church was the sole beneficiary of the fund, the trust to continue in the executor unless he decided to pass it over to the church.

Proceedings for the probate of the will of Catharine Bailey, deceased.

*Will C. Moulton*, for the Methodist Episcopal Church of McDonough. *Thomas Watts*, for contestant, Charles Roe. *William F. O'Neil*, for petitioner, Harvey Roe.

JENKS, S. Objections were filed to the proof and probate of the will which were afterwards withdrawn, and the due execution of the will was proven without objection; but the validity, construction, and effect of the said will, and especially the seventh clause thereof, were put in issue by Charles Roe and Harvey Roe, as provided by section 2624 of the Code. The testatrix left no parents, husband, or descendants. After providing for her burial, funeral expenses, the erection of a monument for herself and her parents, giving a fund of $50 for the care of the cemetery lot, she gives to a niece her silver spoons, and to her sister Abigail her household furniture and wearing apparel. By the seventh clause, she devises and bequeaths all the rest of her property, real and personal, to her executor and trustee in trust to sell, convey, and convert the same into money, and invest in United States bonds, or bonds and mortgages, and from the income thereof pay such sums as the executor and trustee may in his judgment think necessary for the support of her sister Adeline Youngs, but only in case she shall be in "absolutely needy circumstances;" the surplus in any one year, if any, to be paid to the trustees of the Methodist Episcopal Church of McDonough, to be used by them solely for the purpose of paying the salary of the minister of said church; the whole of such income to be so paid, if not needed for the support of such sister. The eighth clause of the will is as follows: "After the decease of my said

sister Adeline, and after all other claims on my said property and estate, as provided for and directed in this my last will and testament, shall have been fully met and disposed of as herein directed, if the said Methodist Episcopal Church of McDonough shall be and remain incorporated and in good standing, and my said executor and trustee shall regard safe and for the best interests of my estate, he may then, and in that event, hand over and deliver to the then trustees of the said Methodist Episcopal Church, the said residue, rest, and remainder of my estate, or the security or securities representing the same, and the said trustees of said church shall from thence thereafter become and be the trustees of such fund, under this my last will and testament, be governed in all respects by the directions herein in regard to said fund, in no event using any part of the principal of said fund for any purpose, and only appropriating the income thereof in the manner and for the purpose indicated and directed by me in this my last will and testament, and from the time of handing over and delivery of the said fund to the said trustees of said church, and the receipt thereof by them, my said executor and trustee shall be discharged from all care of and liability for said fund." The ninth clause provides that if the time shall come when such investments as prescribed cannot be made, the executor and trustee, or the trustees of said church, whichever shall then have control of the fund, shall invest the fund in such securities as shall be approved of by the surrogate. No question is raised by the contestants over the incorporation or standing of the church. It must be conceded therefore that the donee of this trust is competent to take and use the bequest for the purpose indicated by the testatrix. Laws 1813, c. 60, § 1; Laws 1875, c. 443. Like the bequest in *Williams* v. *Williams,* 8 N. Y. 525, 530, "the object of this bequest is the support of a minister, which is one of the prominent objects for which these corporations are created. It is not essential to the validity of a bequest to a religious corporation that it should be given generally for all the purposes for which it may be legally used, or for any to which the trustees may see fit to devote it. *Holmes* v. *Mead,* 52 N. Y. 335, 343; *Wetmore* v. *Parker,* Id. 450, 457. The trustee is directed to sell the real estate, and invest the proceeds together with the personal estate in government bonds, or bonds and mortgages. It is therefore an equitable conversion of the real estate into personal, and the provisions of the Revised Statutes relating to the devise of real estate do not apply. *Power* v. *Cassidy,* 79 N. Y. 602; *Wetmore* v. *Parker,* 52 N. Y. 450, 456. The provision in the will that the income only should be used by the trustees, does not invalidate the bequest, and is not affected by the statute against perpetuities. *Wetmore* v. *Parker, supra; Robert* v. *Corning,* 89 N. Y. 225, 241.

The first principle in interpreting wills is that the intention of the testator as expressed in the will shall prevail, in case no rule of law is violated. In this case there is no room for doubt that the testatrix intended that the Methodist Episcopal Church of McDonough should have the benefit of her entire residuary estate, after satisfying the absolute needs of her sister during her life. The estate vested in her executor and trustee upon her death. The mode of investment and the disposition of the income is very clearly expressed. No person save the sister and the church has any claim upon such income in any event. The right of the trustees of the church to enforce payment of that portion of the income of the fund not needed for the support of the sister, so long as she shall live, is not questioned by the contestant. During her life-time the executor has no discretion to withhold that portion of the income not absolutely needed for the support of the sister. During the sister's life-time there can be no doubt that the trustees of the church can appeal to a court of equity to enforce their rights by a judicial decree, for, by the terms of the seventh clause of the will, the only discretion reposed in the executor is to determine how little will answer to satisfy the absolute needs of the sister. The balance must be paid over to the trustees. This discretion

is very carefully guarded in the interests of the church, and clearly indicates the intention of the testatrix to devote as large a portion as possible of the residuary fund towards the support of its minister.   Is there any reason for supposing that she was not equally solicitous for the welfare of the church, after her sister should cease to have any claim upon her bounty?   The eighth clause of the will clearly shows her intention to vest the whole residuary fund in the trustees of the church upon the death of her sister for the same purpose as before, the support of the minister, and the discharge of her executor and trustee from any further duty relating to the trust, provided he should regard it safe, and for the best interests of her estate to make such transfer.   The discretion was merely to determine whether it would be better for the due protection of the estate for the executor to continue to hold the fund in his own hands, or to pass it over to the trustees of the church as the substituted trustees of this trust; but there is nothing in the language of this clause, or in the general scheme of this will, to indicate any intention of the testatrix to confer any power upon the executor to withhold the income of the fund from the trustees of the church.   Because of this discretion the trustees of the church might not have the right to demand the custody and control of the principal of this fund; but, if the income therefrom should be withheld from them, I have no doubt of their right to appeal to the courts for the enforcement of their rights.   A testamentary direction requiring some portion of an estate to be applied by an executor to a charitable object, the plan of the charity, and the sum necessary for its execution, to be designated by some person not the executor, might perhaps be enforced if the person named elected to accept the personal trust, and make the designation or appointment.   *Beekman* v. *Bonsor*, 23 N. Y. 298, 305, COMSTOCK, C. J.   There is no occasion in this case for the exercise of the *cy pres* power, for there is no indefiniteness of the object and purpose of the trust, and nothing in the way of effectuating the intention of the donor.   A direction by the donor that the principal shall be kept inviolate, and the income only expended, will not invalidate the gift. *Wetmore* v. *Parker*, 52 N. Y. 458.   In the case at bar, any other course would defeat the purpose the donor had in view.   Direction to permanently invest the principal, and to continue for all time, does not suspend the ownership for a day.   The fact that power is conferred upon the executors to designate the beneficiaries, does not render the will void for uncertainty.   Had there been a failure to make the selection, the court would have power to decree the execution of the trust.   *Power* v. *Cassidy*, 79 N. Y. 602.   Numerous authorities sustain devises and bequests to executors which confer upon them authority to divide the same among such persons as they may select from certain classes which are designated, and among such children or relatives who are intended to be provided for, whom they may deem proper.   Id. 611.   Where there is a good trustee to take the funds in the first instance, a succession of new trustees may be provided by the court by new appointment, as often as circumstances may require.   *Bascom* v. *Albertson*, 34 N. Y. 591.   Discretionary powers are usually in the nature of a trust, and are designed for the benefit of the declared objects, whether as a class or as individuals, and for that reason courts will endeavor to adopt a construction by which the object of the testator's bounty will take a vested interest in the gift.   Tiff. & B. Trusts, 738.   Here are donees capable of taking the subject-matter of the trust.   The objects of the trusts are legal, and sufficiently definite to admit of enforcement by a court of equity.   Although the income is to be devoted to the support of the minister in charge, whoever he may be, it is really for the benefit of the church, as it is partially relieved from that duty.   Besides, it is an essential feature of a charitable or public trust that the beneficiaries are uncertain, fluctuating, and changing.

In the Tilden will, to which my attention is especially called by the contestants, the beneficiaries take nothing by virtue of the will itself, but only by

virtue of the action of executors.    The executors were requested to obtain an act of the legislature incorporating an institution to be called the "Tilden Trust," for the purpose of establishing a free library and reading-room in the city of New York, and to promote such scientific and educational objects as the executors and trustees might designate.    If the act of incorporation should be obtained during the lives of two persons named, in form and manner satisfactory to such executors, they were authorized to organize the corporation, select the first trustees, and convey to or apply to the use of the same the remainder of his estate, "or so much thereof as they may deem expedient;" but, if the institution should not be incorporated, "or if for any cause or reason my said executors and trustees shall deem it inexpedient to convey said rest, residue, and remainder, or any part thereof, or to apply the same or any part thereof to the said institution, I authorize my said executors and trustees to apply the rest, residue, and remainder of my property to such charitable, educational, and scientific purposes as in the judgment of said executors and trustees will render the rest, residue, and remainder of my property most widely and substantially beneficial to the interests of mankind." No estate is vested in the beneficiaries by virtue of the will itself.    It requires the action of the trustees to vest any interest in the beneficiaries.    They may give or withhold in their discretion.    The "Tilden Trust," if incorporated in form and manner satisfactory to the trustees, takes nothing unless the trustees deem it expedient.    They may direct the whole or any part of the residuary estate to such charitable, educational, and scientific purposes as in their judgment will be most beneficial to the interests of mankind.    There is no certain beneficiary who can claim the enforcement of the trust.    The "Tilden Trust," even after an act of incorporation satisfactory to the executors, could demand nothing at their hands as a matter of right.    It would be a perfect answer to any application this corporation might make for the enforcement of the trust, that the executors and trustees did not deem it expedient to convey any portion of the fund to such corporation.    It is very clear that no other person or corporation would have any standing in court in the interests of general charity, education, or science.    The provisions of the Tilden will are very unlike those under consideration.    The subject and object of the trust in question are definite and certain.    There is but one beneficiary in any event.    The executor and trustee has no discretion to direct the principal or income of the fund, or any part of either, from the church to any other object or purpose.    It is conceded that the draughtsmen of the will might have expressed more clearly. the idea that in case he did not deem it safe and for the best interests of the estate to deliver the principal of the fund to the trustees of the church, he should continue to invest the fund in the manner already provided, and pay the income to the trustees of the church, to be used for the benefit of its minister; but it is perfectly clear from the whole scheme of the will that such was the intention of the testatrix.    No other thought or intention is apparent from the whole instrument, than that the church should be the sole beneficiary of the fund.    The executor must give the trustees of the church the income, but may in his discretion retain the control of the principal.    This intention is made still more clear by the provision in the ninth clause of the will, that whenever it shall become impracticable or impossible to loan the trust funds as directed in the seventh clause, the executor and trustee, or the trustees of the church, whichever shall have control of said fund according to the terms and conditions thereof, shall loan the trust funds and keep them invested in such securities as shall be approved of by the surrogate of Chenango county.    This provision is utterly inconsistent with any other construction than that the trust should continue in the executor and trustee unless he decided to pass it over to the trustees of the church.    A decree will be entered admitting the will to probate, and adjudging the validity of the bequests for the benefit of said church.