(35 Misc. Rep. 603.)

McGOWAN v. TIFFT et al.

(Supreme Court, Special Term, Onondaga County. July, 1901.)

1. WILLS—EQUITABLE CONVERSION.

Though a will does not specifically provide for the sale of the real estate by the executor, where it authorizes a sale, and the entire scheme of the will is based on such sale. it constitutes an equitable conversion.

2. SAME—PARTITION.

Where testator's realty is under the provisions of the will converted into personalty, and vests in a trustee, a child who is entitled to a distributive share of the estate cannot maintain an action to partition the realty.

Action for partition by Jennie B. McGowan against William C. Tifft and others. Judgment for defendants.

George W. Driscoll, for plaintiff.

Eugene M. White, for defendants Wilson and others.

N. R. Peckham, for defendants Patterson and others.

Cooney & Weller, for guardian ad litem.

HISCOCK, J. This is an action for partition. The question whether plaintiff has any legal title to and interest in the premises of which partition is sought depends upon the construction of the will of one James Auyer, her father. It is claimed by her that under such will she did take an interest in the farm in question. Upon the other hand, it is claimed by the defendants that the will in question provided for, and, in effect, directed, the sale of the real estate, and a conversion of it into money, with subsequent division of the proceeds among the plaintiff and others; so that there has been an equitable conversion of real estate, with the title thereto at present vested in the trustee, and that no title thereto, or any part thereof, vested in the plaintiff. I am inclined to think that the latter contention is the correct one. The language of the will in question does not specifically and absolutely, in so many words, direct the sale of this real estate. It does, however, authorize and empower the sale thereof, and the entire scheme of the will, so far as it relates to the subject of the present controversy, contemplates and is based upon such sale.

The question of equitable conversion is largely one of intent, and such intent may be found, although the power of sale is not in terms imperative. I think the doctrine that an equitable conversion has been provided for in this case comes well within the principles of Power v. Cassidy, 79 N. Y. 602, 35 Am. Rep. 550; Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741; Morse v. Morse, 85 N. Y. 53; Lent v. Howard, 89 N. Y. 169; Gourley v. Campbell, 66 N. Y. 169. In addition to the terms of the will themselves, there was some evidence in regard to the situation of the estate covered thereby which sustains the conclusion that the testator intended to have a sale of the real estate involved here, and a conversion thereof into personal property.

Ordered accordingly.