WILLIAM M. PRICHARD et al., Executors, etc., Respondents, *v.* JOHN B. THOMPSON, Appellant.

Where a gift to a charitable use is so indefinite as to be incapable of being executed by a judicial decree it is invalid.

A clause in the will of T. gave to his executors a sum specified, in trust, to distribute the same "among such incorporated societies organized under the laws of the State of New York or the State of Maryland, having lawful authority to receive and hold funds upon permanent trusts for charitable or educational uses," as said executors or the survivors of them might select, and in such sums as they should determine. In an action for the construction of the will, *held*, that said clause was void because of indefiniteness and uncertainty in the designation of the recipients of the testator's bounty.

*Power* v. *Cassidy* (79 N. Y. 602) distinguished.

*Prickard* v. *Thompson* (29 Hun, 295), reversed.

(Argued January 22, 1884; decided February 26, 1884.)

APPEAL from judgment of the General Term of the Su-

preme Court, in the first judicial department, entered upon an order made February 2, 1883, which affirmed a judgment. (Reported below, 29 Hun, 295.)

The nature of the action and the material facts are stated in the opinion.

*Edward H. Hawke* for appellant. The executors are mere naked trustees, with power to give upon a certain contingency; there is nothing compulsory about it. (Perry on Trusts, 228, § 248.) The court could not execute the power in default of an appointment. (Perry on Trusts, 232, § 252.) The contingencies, the events upon which this executory devise is to vest in the incorporated societies of the State of New York or Maryland, may not happen within the two lives, and for that reason it is void. (Perry on Trusts, 350, § 381; *Bascomb* v. *Alberson,* 34 N. Y. 598.) A devise to a corporation in Maryland, organized under its State laws, is void unless it is authorized so as to take by a statute of this State, although by its charter it has that authority. (*White* v. *Howard,* 46 N. Y. 144; 1 R. S., p. 1167, § 1; id. 723, § 15; Lewis on Perpetuities; *Hawley* v. *James,* 15 Wend. 62; *Schettler* v. *Smith,* 41 N. Y. 335.) In construing dispositions of property with reference to the statutes against perpetuities, any limitation is void, as in violation of that statute, by which the suspension of the power of alienation of personal property will not necessarily, under all possible circumstances, terminate within the prescribed period.) *Schettler* v. *Smith,* 41 N. Y. 335; id. 328.) Implied directions to accumulate are as much within the prohibition of the statute as those expressly given. ·(*Dodge* v. *Pond,* 23 N. Y.; Redf. on Surr., 340; 2 R. S., p. 1167, tit. 4, § 4 [6th ed.], Cothran.)

*Duncan Smith* for respondents. A trust of personalty is not within the statute of uses and trusts, and may be created for any purpose not forbidden by law. (*Gott* v. *Cook,* 7 Paige, 521, 534; *Gilman* v. *Redington,* 24 N. Y. 9, 12, 13; *Bucklin* v. *Bucklin,* 1 Keyes, 41, 148; *Holmes* v. *Mead,* 52 N. Y. 332, 343.) The statute in relation to the suspension of the

absolute ownership of personal property is not violated. (*Foose* v. *Whitmore*, 82 N. Y. 405, 407 ; *Williams* v. *Williams*, 1 Sim. [N. S.] 358.) The trust is not invalid by reason of indefiniteness. (Shelford on Mort. & Char. Uses, 61 ; *Shotwell* v. *Mott*, 2 Sandf. Ch. 46, 59 ; *Sherwood* v. *Am. Bible Soc.*, 1 Keyes, 565 ; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424 ; *Holmes* v. *Mead*, 52 id. 332 ; *Power* v. *Cassidy*, 79 id. 602 ; *Gumble* v. *Pfluger*, 62 How. Pr. 118.) Assuming the trust to be valid, the question as to income was *res adjudicata* by the surrogate's decree. (*Leggett* v. *Leggett*, 3 Sup. C't Rep. 333.) Legacies draw interest from the time they are payable, whether that time is fixed by the testator in his will, or by statute. (Redf. Surr. Ct. 586; *Bradner* v. *Faulkner*, 12 N. Y. 472 ; 2 R. S. 90, § 45 ; 3 id. [7th ed.] p. 301 ; *Marsh* v. *Hague*, 1 Edw. 174, 187.) This not being a mere naked power, but a trust, and being valid, the court has the power to, and should, enforce its execution. (2 Story on Eq., § 1061 ; *Owens* v. *Missionary Soc*, 14 N. Y. 380, 408; *Hesketh* v. *Murphy*, 35 N. J. Eq. 23; *Power* v. *Cassidy*, 79 N. Y. 602.)

MILLER, J. This action was brought for the purpose of obtaining the judgment of the court as to the construction to be placed upon the tenth article of the last will and testament of William D. Thompson, deceased, and to determine to whom the income of the trust fund, therein mentioned, belongs, and to obtain the judgment of the court as to the powers and duties of the executors and trustees under the said tenth article, and for direction as to the execution of the trust thereby created in view of the refusal of the defendant and appellant, one of the said executors and trustees, to recognize the said trust as valid and to join in or consent to its execution.

By the tenth article of the will, which is in question, the testator gave and bequeathed to his executors, or the survivors of them, "bonds and stocks amounting at their par value to the sum of $150,000 * * * in and upon the trust that they shall distribute and apply the same to such charitable and educational uses, and in such manner as shall be specified and

directed in a codicil to this my will," which codicil the testator declared he was not then prepared to make, but which he intended to make without unnecessary delay.   And in case the codicil should not be executed, "then upon trust to distribute the said sum of $150,000 to and among such incorporated societies, organized under the laws of the State of New York, or the State of Maryland, having lawful authority to receive and hold funds upon permanent trusts for charitable or educational uses, as my said executors, the survivors or survivor of them, shall select for that purpose, and in such several sums, not exceeding in any case the amount that such incorporated body is empowered by law to take and hold upon the uses aforesaid, as they, my executors, the survivors or survivor of them, shall determine.   And I further direct that the selection and distribution aforesaid be made and fully completed within the life-time of the longer liver of the two persons lastly named in the fourteenth clause of this my will as my executors; and it is my expectation that the same shall be completed at any rate before the expiration of three years after my decease." The testator died without having executed any codicil to his will.   The plaintiff Prichard and the defendant were the two last named executors in the will.   Several questions are made as to the validity of the bequest under the tenth paragraph of the will which has been cited.   The most important of these relate to the designation of the donees who are to receive the amount to be distributed among incorporated societies within the two States named.   No donees having been named specifically, the selection to be made embraced a large number of institutions within the limits prescribed, thus vesting a wide discretion in the trustees.   It cannot be denied that the provision was not specific in this respect, and it is claimed that it was void by reason of indefiniteness and uncertainty in failing to designate any particular institutions or any class of institution which were to be the recipients of the testator's bounty.   According to the paragraph of the will in question the distribution is to be made to incorporated societies that have authority to hold funds for charitable

and educational uses.    This would embrace all institutions of charity of every name and description, and all colleges, schools and institutions of learning.    The number would certainly be very great and the discretion to be exercised very large and extended,  imposing much responsibility,  care and attention in discriminating  between so many objects organized for various  purposes  connected with charity and  education. While the law in many instances sanctions the right of a testator to confer upon his executors or trustees the power of selecting the objects entitled to consideration in the distribution of his estate, it does not give such an unlimited and unbounded authority as would include all and every object which the testator himself might select in the free exercise of his own will, discretion and judgment.    There must be some limit to the testator's power to dispose of his estate and some certainty and definiteness in the selection of those who are to receive it by virtue of his last will and testament.    He clearly would not be authorized to make a bequest empowering his executors to select institutions embracing the whole civilized world or even within the limits of the United States.    Such a disposition of his estate would unquestionably be of such an uncertain and indefinite character as to render it difficult for the courts to carry it into effect, and for that reason would not be upheld.    If the testator had a right to select societies embracing a great variety of institutions, without designating any class and without restriction as to their number, within the limits of two States then he was authorized to go beyond that without any regard whatsoever as to the extent of the territory, or the indefinite objects named in his will which might be embraced within it.    The discretion invested in the trustees named is far beyond what ordinarily is conferred upon those who are selected to discharge functions of this character.    The executors named are mere naked trustees with authority to distribute in their discretion.    No object being designated, there is no imperative duty imposed upon them.    If they are unable, or for any reason fail to perform, it is difficult to see how a court of equity could enforce a performance.    It could

not well control their discretion or exercise the power conferred in their place and stead or of the survivors or survivor of either of them. If they refuse to execute it, or the power remains unexecuted, it is not apparant how the court could make a selection, from the extensive range of societies referred to, of those that should receive the bequest or of the proportion in which it should be divided. Neither could the court select individuals to perform a duty devolving upon the trustees, who are selected no doubt by reason of personal confidence in their judgment and their capacity for the task imposed.

Another difficulty presents itself as an obstacle in carrying out the trust in question. The beneficiaries referred to, consisting of every corporation within two·States of the character named in the will, would be almost innumerable and none of them could claim that any specific portion of the bequest belonged to them. Until selected by the trustees they would have no such interest · as would give them a standing to compel an enforcement of the bequest. It is a well-settled and established rule that where a gift to a charitable use is so indefinite as to be incapable of being executed by a judicial decree, the representative of the donor must prevail over the charity. ( *Williams* v. *Williams*, 8 N. Y. 526.) Within the rule stated it is quite obvious that insuperable obstacles exist which prevent a distribution of the fund intended to be created by the testator's will, and that by reason of a want of precision and certainty in the bequest made and the difficulty in the selection of those who would be entitled to be benefited thereby, it cannot be carried into effect. No case in this State goes so far as to hold that such a bequest is valid and effectual and capable of being executed within the well established rules of law which are applicable to the doctrine of charitable uses and trusts. While the courts have gone very far in sustaining bequests for charitable and educational purposes and in upholding the proposition that a charitable gift, definite in its object and purpose, and made to a definite trustee who is to receive the fund and apply it in the manner specified, is to be maintained although it would be void by the general rules of law because the particular objects of the

gift or the persons to be benefited by it are uncertain, yet none of the authorities sustain the rule that, where the bequest embraces unknown beneficiaries to an unlimited extent so as to render it almost impossible to ascertain their number or character, and where no restriction as to the amount to be allowed to any of them is fixed or determined, such a bequest can be carried into effect.

The counsel for the respondents relies upon the case of *Power* v. *Cassidy* (79 N. Y. 602 ; 35 Am. Rep. 550) as authority for the doctrine that the bequest here made can be upheld. In that case the testator bequeathed to his executors the balance of his residuary estate, " to be divided by them among such Roman Catholic charities, institutions, schools or churches, in the city of New York, as a majority of my executrix and executors shall decide, and in such proportion as they may think proper," and it was held that the bequest could be enforced. A distinction exists between the case cited and the one at bar; the decision in that case is based somewhat on the fact that the trusts were of such a nature that a court of equity could direct their execution. The class of beneficiaries was specially designated and confined to the limits of a single city and to a single religious denomination, so that each one could readily be ascertained and each had an inherent right to apply to the court to sustain and enforce the bequest made. Here no class is designated ; and as we have already intimated, if a court of equity should be called upon, or assume to take upon itself the responsibility of carrying into effect the bequest of the testator, it would be obliged to bestow upon every charitable and educational institution within the two States named a portion of the fund in question. This would be a matter of great difficulty if not impracticability, and would inevitably lead to serious embarrassment in the discharge of the duty of disposing of the fund in question. In such a contingency it would seem to be reasonable that the fund should be equally divided among all the institutions named, and thus the right of selection which was intrusted to the judgment, good sense and kindly feelings of the executors as a matter of personal con-

fidence would be of no avail. For the reasons we have stated
the case cited differs in many respects from the one under con-
sideration, and it would be extending the authority of that case
beyond what was intended or what it actually embraced to ad-
judicate that it covers and includes the bequests which are now
the subject of consideration.

The examination which we have given to the question raised
leads to the conclusion that the court below was in error, for
the reasons stated, in deciding that the tenth clause of the will
was valid and effectual.

The result at which we have arrived renders it unimportant
to discuss some other objections which are urged against the
validity of said tenth clause of the will.

It follows from the discussion had that the judgment of the
Special and that of the General Term should be reversed, and,
inasmuch as the facts cannot be changed upon a new trial, the
decree of the court below should be modified by directing that
the tenth paragraph is void and that the bequest be paid to the
defendant John B. Thompson as residuary legatee named in
the testator's will. Costs of both parties to this action should
be paid out of the estate.

All concur.

Judgment accordingly.