MARY HOLLAND AND OTHERS, RESPONDENTS, v. FREDERICK SMYTH AND HENRY ALCOCK, AS EXECUTORS AND TRUSTEES, ETC., OF THOMAS GUNNING, DECEASED, APPELLANTS.

*Will — a devise to have prayers said in a church for the repose of the testator's soul is valid.*

A testator gave and bequeathed all the rest, residue and remainder of his estate "to his executors, to be applied by them for the purpose of having prayers offered in a Roman Catholic church, to be by them selected, for the repose of my soul and the souls of my family, and also the souls of all others who may be in purgatory."
*Held*, that the devise was valid.

APPEAL from an interlocutory judgment, entered in Kings county upon an order overruling a demurrer interposed by the defendant Alcock and directing a judgment for the plaintiffs.

The action is brought by the plaintiffs, as the heirs-at-law and next of kin of Thomas Gunning, deceased, to have the third clause of the last will and testament of said testator declared void, and to obtain a judicial construction of other portions thereof.

Thomas Gunning died in 1882, leaving a last will and testament appointing defendants as his executors and trustees, and by which he gave and bequeathed to his executors all his estate, amounting to about $28,000, in trust for the uses and purposes in said will set forth, to wit, to pay certain legacies, amounting in the aggregate to $16,500, and the rest and residue of his estate he disposes of by the following clause:

"*Third.* All the rest, residue and remainder of my estate I give and bequeath to my said executors, to be applied by them for the purpose of having prayers offered in a Roman Catholic church, to be by them selected, for the repose of my soul and the souls of my family, and also the souls of all others who may be in purgatory."

The defendant Henry Alcock, one of the executors and trustees of said will, demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, contending that the third clause of the will is a valid disposition of the testator's estate.

*J. Newton Williams*, for the appellants.

*E. H. Benn*, for the respondents.

DYKMAN, J.:

The third clause in the will of Thomas Gunning, deceased, is as follows:

"*Third.* All the rest, residue and remainder of my estate I give and bequeath to my executors, to be applied by them for the purpose of having prayers offered in a Roman Catholic church, to be by them selected, for the repose of my soul and the souls of my family, and also the souls of all others who may be in purgatory."

This action was brought by the testator's heirs-at-law to have that clause declared void and their title to the residuary estate established. The defendant Alcock demurred to the complaint.

It cannot be said that this clause suspends for more than two lives the absolute ownership of the residuary estate. The evident intendment is that the prayers shall be offered at once, and if the executors select the church, and the prayers are offered and paid for, there will be no perpetuity. The objection to the clause more seriously urged is, that it creates a trust which is void for indefiniteness. But we do not think this view can be supported, and we think the rule was correctly stated by Mr. Justice CULLEN, who passed on this will and upheld this clause. (See N. Y. Daily Reg., Jan. 29, 1886.)

We do not pass on the question whether this gift could be sustained as one to a charitable use. We rest our decision on the doctrine enunciated by Judge CULLEN, "that there is a certain class of testamentary dispositions, the object of which is solely the benefit, real or supposed, of the testator, or the gratification of his desires, which, if trusts are not charities, nor do they have any beneficiary, yet, nevertheless, are unquestionably valid. The precise legal doctrine on which they rest, the cases do not state. I think a provision for masses for the benefit of the testator's soul is exactly akin to a provision for his funeral or monument. While decent burial is given by the law out of even an insolvent's estate, I think the monument is no more an adjunct or concomitant of burial than the masses. * * * I think all the directions are of the same general character, and equally good in law." There is nothing contrary to this doctrine in the cases to which the respondent refers.

The *O'Hara Case* (95 N. Y., 418) was decided on the theory that the testatrix attempted to create a perpetuity. In *Prichard* v.

*Thompson* (95 N. Y., 76) the fund was to be divided among chari-
ties of all denominations within two States. If this case were
of the same class it would rather fall within the rule of *Power*
v. *Cassidy* (79 N. Y., 602), upholding a gift to all schools, etc., of
the Roman Catholic faith.

We think the gift for masses valid, and that the judgment should
be reversed, with costs.

BARNARD, P. J., concurred.

Order overruling defendant's demurrer and judgment thereon
reversed, and demurrer sustained, with leave to plaintiff to plead
over on payment of costs.