lawful disposition of them, and did not depend upon the demand and refusal.

There was no error committed in excluding the account. The account produced was claimed to be the ledger account of Gardner & Co. with the defendant. It was not shown that it had ever been rendered to the plaintiff's assignors in the course of dealings between them and the defendant, and it was offered without any effort to furnish the due preliminary proof. The defendant's books would have been competent evidence but for the failure to comply with the requirements of law as to the admissibility of books of account in evidence. Books containing entries made by those whose duty it was to make them in the usual course of business, are competent when other requisites are sufficiently established. The defendant sought to put his accounts in evidence without complying with the rules governing their admission.

The rulings of the court in reference to the evidence of value are not open to objection, nor is any part of the charge as to the measure of damages. The proper rule of damages was prescribed by the judge, namely, the value of the property at the time of the conversation. In estimating that value, proof of the cost of the plates, and the cost of replacing them, and that the plates had a use which was a valuable one, and all proof in reference to the usefulness of the plates to the plaintiff, was material and relevant, and was properly admitted. These plates would doubtless be of trifling value to many, for they had no market value. The actual value to one who owns and has uses for them is the just rule of damages in an action against him who converts them to his own use. We think the case was properly and carefully submitted to the jury, and do not think that the verdict should be disturbed. Judgment and order affirmed, with costs.

### ON MOTION FOR REARGUMENT.

#### (June 3, 1889.)

PER CURIAM. A comparison of the points presented to the court on appeal with the opinion delivered will show that all of them were duly considered, and we think correctly decided. A reargument will not be granted unless the court can see that some question submitted by counsel and decisive of the case has been overlooked, or that the decision is in conflict with an express statute; or with a controlling decision to which the attention of the court was not drawn through the oversight of counsel. *Mount* v. *Mitchell*, 32 N. Y. 702; *Curley* v. *Tomlinson*, 5 Daly, 283. No such grounds are made apparent in this case, and the motion must therefore be denied, with costs.

---

### *In re* BLACK'S ESTATE.

#### (*Surrogate's Court, New York County.* May 29, 1889.)

WILLS—CHARITABLE BEQUESTS—INHERITANCE TAXES.

A bequest of a specified sum to testatrix's executors, in trust, "to expend the same for masses for the repose of the soul of my said husband and myself," and naming the person who testatrix desired should celebrate the masses, is valid, and, when given in a different clause from that in which the funeral expenses are provided for, is subject to the collateral inheritance tax.

On report of appraiser appointed to determine what part of the estate of Sarah Black, deceased, was subject to taxation.

*John J. Gleason,* for executor and the Society of Jesus. *Theodore Myers,* comptroller, *pro se.*

RANSOM, S. The comptroller objects to the confirmation of the report of the appraiser in this matter, upon the ground that the appraiser failed to report, as subject to taxation, a bequest of $500 to the executors in trust to be used for masses for the repose of testatrix's soul and that of her husband, and claims that such bequest was not included in the funeral expenses, which were pro-

vided for by another clause in the will, and is therefore a specific legacy other than to or for the use, etc., of persons exempt, and therefore subject to the tax. Counsel for executors claims the legacy is part of the funeral expenses, and that it is not subject to a tax. By her will, the testatrix provides for the celebration of mass on the day of her funeral, and also for the erection of a monument, and directs that all these expenses shall be considered as funeral expenses. She then, by a separate clause, goes on: "I give and bequeath to my executors, or such one of them as shall qualify, the sum of five hundred dollars, in trust, to expend the same for masses for the repose of the soul of my said husband and myself, and it is my wish and desire that such masses be celebrated by the Rev. Thomas J. Campbell, of the Society of Jesus." This is evidently a distinct and separate legacy, and cannot be considered as part of the funeral expenses. The question then arises as to whether the bequest for masses is a valid one. In *Holland* v. *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305, the testator gave all the rest, residue, and remainder of his estate to his executors, to be applied by them for the purpose of having prayers in a Roman Catholic church, to be by them selected, for the repose of his soul, etc.; and it was held that the request was invalid, because of the absence of a defined beneficiary entitled to enforce its execution. The court discusses at length the case of *Power* v. *Cassidy*, 79 N. Y. 602, in which the bequest was of a fund to the executors in trust, to be divided by them among such Roman Catholic charities, institutions, schools, or charities in the city of New York as a majority of the executors should decide, and in such proportions as they might think proper. This bequest was held to be valid, because the beneficiaries were of a certain class in a specified city, and were necessarily limited in number, and therefore could be easily ascertained. The court then shows the difference between that case and the case of *Prichard* v. *Thompson*, 95 N. Y. 76, where the bequest was of a sum of money to the executors, to be distributed by them "among such incorporated societies, organized under the laws of the state of New York or the state of Maryland, having lawful authority to receive and hold funds upon permanent trusts for charitable educational uses," as they might select, etc. This bequest was held to be invalid, because of the indefiniteness of the designation of the beneficiaries. In the case at bar the beneficiary is designated, for undoubtedly a wish on the part of the testatrix to have a particular priest celebrate the mass is equivalent to a direction. I am satisfied that the bequest is a valid one, and as such is subject to the tax imposed by the collateral inheritance tax act.

---

MORENUS *et al. v.* CRAWFORD.

(*Supreme Court, General Term, Fourth Department.* January, 1889.)

1. INTOXICATING LIQUORS—CIVIL DAMAGE LAWS—SEVERAL JUDGMENT.

Code Civil Proc. N. Y. § 456, provides that where process is served on two or more defendants, who are severally liable, plaintiff may take judgment against any one or more of them of whom he could have recovered if he had sued him or them separately. Section 1205 allows a court in its discretion to render judgment against one or more defendants where two or more are sued, if a several judgment is proper, and to direct a severance, and further proceedings against the other defendants. An action under the "civil damage act" against two liquor sellers, unconnected with each other, was discontinued by plaintiff as to one. *Held*, that although the complaint had not been amended so as to charge a several liability against the remaining defendant, a several judgment could be rendered.

2. SAME—EVIDENCE TO SUSTAIN VERDICT.

Under said sections it is immaterial that the complaint alleges that defendants conspired to sell plaintiff's husband liquor, which would charge a cause of action at common law instead of under the "civil damage act," for, after the discontinuance as to one defendant, the action became as if originally brought against but one, and the complaint will be sustained by evidence of damage sustained by the acts of one.