---

### In re INGERSOLL'S WILL.

(*Surrogate's Court, Cattaraugus County.* December 3, 1890.)

CHARITIES—VALIDITY OF BEQUEST—DESIGNATION OF BENEFICIARIES.

Testatrix provided in her will as follows: "I am desirous of leaving some of my
estate to aid in carrying on the work of the Christian ministry, and to uphold the
doctrine and faith of the Bible, and aid in extending the Christian religion. * * *
I do hereby authorize and empower my executor * * * to expend through the
agency of the Baptist Church, and its various societies, missionary and educational, or
in such other way through the said church or its organizations as shall be deemed best
likely to promote these purposes, such sum as he may deem best, but not to exceed
$1,000, and, in order that my executor may be enabled to do so without hindrance, I
give and bequeath to him the said sum of $1,000, and the sum is to him and his heirs
and assigns for the uses and purposes before stated, and I rely on him to carry out
the wishes and purposes that I have hereinbefore indicated." *Held*, that the be-
quest was not to the executor absolutely, but was in trust for the purposes named,
and was void for uncertainty as to the beneficiary.

Proceeding to construe the will of Almira Ingersoll, deceased.

*W. S. Thrasher*, for executor.   *F. J. Blackmon*, for legatees.

SPRING, S.   The construction of the eighth clause of the will of testatrix
is put in issue in pursuance of section 2624 of the Code of Civil Procedure.
The clause reads as follows: "I am desirous of leaving some of my estate to
aid in carrying on the work of the Christian ministry, and to uphold the doc-
trine and faith of the Bible, and to aid in extending the Christian religion in
the world through the instrumentality of the preaching of the gospel of Christ;
and, desirous of promoting these purposes, I do hereby authorize and empower
my executor hereinafter named to expend through the agency of the Baptist
Church, and its various societies, missionary and educational, or in such other
way through the said church or its organizations as shall be deemed best
likely to promote these purposes, such sum as he may deem best, not to ex-
ceed $1,000, and, in order that my executor may be enabled to do so without
hindrance, I give and bequeath to him said sum of $1,000, and the
sum is to him and his heirs and assigns for the uses and purposes before
stated, and I rely upon him to carry out the wishes and purposes that I
have hereinbefore indicated, and that those interested in my estate will co-
operate in carrying on the work that I, by this bequest, desire to
promote."   When simmered down this clause means that the testatrix be-
queaths to the executor $1,000 for the promotion of the Christian religion
through the agency of the Baptist Church, and its various societies, mis-
sionary, educational, or others that may be designed to carry out the object
stated.   The clause is void for uncertainty.   It is impossible to determine
who is the legatee.   No beneficiary, no definite corporation, can enforce its
payment, and this is one of the essentials to render a bequest valid.   *Levy* v.
*Levy*, 33 N. Y. 97–107.   The testatrix seeks (1) "to aid in carrying on the
Christian ministry;" (2) "to uphold the doctrines and faith of the Bible;"
and (3) "to aid in extending the Christian religion."   And for the purpose of
rendering effectual this bequest she authorizes her executor to expend,
"through the agency of the Baptist Church," and its various organizations,
not to exceed $1,000.   The purposes for which this money is to be expended
are not precisely stated.   Testatrix evidently had in mind the advancement
of the religion of Christ; but any society within the pale of the Baptist
Church, wherever located, or whatever its special work may be, could claim

to be the recipient of the bounty of the decedent.   It is not the Baptist Church of Leon, where testatrix resided, not the organizations of that society in Cattaraugus county, not of New York state, not any particular branch of the church, but its various societies, etc.; if the bequest had been to all those believing in the rite of baptism as a saving ordinance it would have been as easy to ascertain the precise beneficiary as in this will.   In neither case could any one receive the legacy.   In *Prichard* v. *Thompson*, 95 N. Y. 76, the will directed the distribution of the fund among such incorporated societies in the states of New York and Maryland as were authorized to receive and hold funds for charitable and educational uses as the executor might select.   The court, in holding the bequest void, say, at page 81: "The beneficiaries referred to, consisting of every corporation within two states of the character named in the will, would be almost innumerable, and none of them could claim that any specific portion of the bequest belonged to them.   *   *   *   It is a well-settled and established rule that, where a gift to a charitable use is so indefinite as to be incapable of being executed by a judicial decree, the representative of the donor must prevail over the charity.   *Williams* v. *Williams*, 8 N. Y. 526. Within the rule stated it is quite obvious that insuperable obstacles exist which prevent a distribution of the fund intended to be created by the testator's will, and that by reason of a want of precision and certainty in the bequest made, and the difficulty in the selection of those who would be entitled to be benefited thereby, it cannot be carried into effect.   No case in this state goes so far as to hold that such a bequest is valid and effectual and capable of being executed within the well-established rules of law which are applicable to the doctrine of charitable uses and trusts."   See, also, *Holland* v. *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305; *In re Will of O'Hara*, 95 N. Y. 403. These cases plainly limit *Power* v. *Cassidy*, 79 N. Y. 602, upon which counsel for the executor relies, and they are decisive of this case.

The counsel for the executor urges that no trust is created by this clause of the will, but the bequest is directly to the executor, and the direction for the expenditure of the money is surplusage, leaving it optional with him to retain personally or use the funds for the purposes stated.   I cannot spell that construction from this clause.   While the bequest purports in one phrase to be to the executor, "his heirs and assigns," it is especially limited to the objects above set forth.   It is not an absolute gift to the executor; but the whole scope of the clause is that the testatrix had in view the promotion of Christianity, and never contemplated that the executor was her beneficiary, or that he was to determine whether or not the money was to be expended.   Eliminate from this clause of the will everything implying a bequest for a charitable purpose, and it will be stripped of every significant direction or suggestion contained in it.   The cases cited by counsel upon this branch of the controversy I do not regard as applicable.   They hinge upon a bequest to a person by name coupled with precatory words indicating a wish of decedent that her property be expended by the donee in a way designated.   The courts hold the legacy is absolute, that no trust is created, and her suggestions as to the expenditure of her moneys do not limit the positive character of the gift or impose any legal or enforceable obligation upon the beneficiary.   The entire tenor of this will, so far as this clause is concerned, is that the executor in that capacity is the repository of this fund; that she is not in any sense referring to the individual, but to the trustee, and the legacy is not to Senator Allen, but the discretion in explicit terms is invested in the executor, showing unmistakably he was simply the medium chosen by her to make effective this last testimonial to her religion.   A decree will be entered in accordance herewith nullifying this clause for uncertainty, and providing for the probate of the will with this exception.   The costs will be adjusted and inserted in the decree.