(35 App. Div. 273.)

### KELLY v. HOEY et al.

(Supreme Court, Appellate Division, Second Department. December 6, 1898.)

1. WILLS—TESTAMENTARY TRUST—CONVERSION.

Where a testator gave all his property to trustees, and, after directing them to pay certain legacies, provided that they should divide the residue, and apply it to certain charitable purposes mentioned, and authorized them to sell all his lands, the realty will be deemed to have been converted into personalty for that purpose.

2. SAME—VALIDITY.

Under 2 Rev. St. (9th Ed.) p. 1797, § 55, subd. 2, allowing an "express trust" of real property "to sell, mortgage or lease lands for the benefit of legatees," a will giving lands to trustees to be sold and applied in payment of legacies, and for charitable purposes expressed in the will, creates a valid trust.

3. SAME—TITLE OF TRUSTEES.

2 Rev. St. (9th Ed.) p. 1797, § 55, subd. 2, provides that every valid express trust, except as otherwise provided, shall vest the whole estate in the trustees, subject only to the execution of the trust, and that the beneficiaries shall take no estate or interest in the lands, but may enforce the performance of the trust in equity. *Held*, that where a testator gave all his realty to trustees, with power to sell it, and directed them to apply it in payment of legacies, and for certain expressed charitable purposes, but without expressly empowering them to receive the rents and profits or make any appropriation thereof, the trustees nevertheless took the legal title thereto, either as converted personalty or as realty.

4. SAME—INDEFINITE BENEFICIARIES.

Under Laws 1893, c. 701, § 1, providing that no gift or devise to religious, charitable, or benevolent uses which shall in other respects be valid shall be deemed invalid by reason of the uncertainty of the persons designated as the beneficiaries, a testamentary trust for the benefit of "any poor family or families, or any charitable organization or organizations, in the city of Brooklyn, which shall seem to them [the trustees] most deserving of such reward or assistance," was not invalid because the beneficiaries are indefinite.

5. SAME—CREATION OF POWER—INDEFINITENESS.

Laws 1893, c. 701, § 1, provides that "no gift, grant, bequest, or devise" to religious, charitable, or benevolent uses, in other respects valid, shall be deemed invalid by reason of the indefiniteness of the beneficiaries. *Held*, that the term "grant" includes the creation of a power.

Appeal from special term, Kings county.

Action by Sarah Curran Kelly against Michael J. Hoey and Charles Reese, individually and as executors and trustees of and under the will of John McGrath. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Josiah T. Marean, for appellant.
Henry Melville, for respondents.

GOODRICH, P. J. The plaintiff is the sole heir at law and next of kin of John McGrath, who died in Brooklyn on March 6, 1896, leaving a will which was duly admitted to probate in the county of Kings on June 8, 1896. She brings this action, claiming that the residuary clause of said will is void, and that she is entitled to all the real and personal estate of the testator not effectually disposed of by the will,

and practically asking for a construction of the will. The court held that the provisions of the will to which this appeal specifically relates were valid, and from the judgment entered thereon the plaintiff appeals.

The estate consisted of personal property and one piece of real estate. The will directed the payment of debts, the erection of a monument, gave $100 to his pastor for masses, and further provided as follows:

"For the purpose of preserving my estate, I have determined to confide the care and management thereof temporarily to trustees, to be disposed of by them in manner hereinafter mentioned and set forth; and I therefore appoint my friends Michael J. Hoey and Charles Reese, of the city of Brooklyn, my said trustees; and I hereby devise and bequeath all the rest, residue, and remainder of my property and estate, both real and personal, to my said trustees, to be held by them in trust, and to manage and dispose of the same in the manner hereinafter mentioned, directed, and expressed."

The will then directed the payment by said trustees of specific legacies to relatives, amounting to $900, and to Bishop Loughlin, or his successor, $300, "for the benefit of the Roman Catholic orphans of the city of Brooklyn," and an equal sum to the Little Sisters of the Poor. Then came the following clauses, in respect of which the main contention in this action arises:

"And I hereby direct my said trustees to divide the rest, residue, and remainder of my estate, after the payment of the above-mentioned legacies, to or among any poor family or families, or any charitable organization or organizations, in the city of Brooklyn, which shall seem to them most deserving of such reward or assistance." "And I hereby will and ordain that my said executors and trustees at any time that, in their judgment, they shall deem it advisable, and for the interest of my said estate, to sell and alien in fee simple all my real estate; and for the doing, executing, and perfect finishing whereof I do by these presents give to my said executors and trustees full power and authority to grant, alien, bargain, sell, convey, and assure all the said lands to any person or persons and their heirs forever, in fee simple, by all and every such lawful ways and means in the law as my said executors and trustees, or their counsel learned in the law, shall deem fit and necessary."

The codicil simply provided for additional legacies of $100 to each of five persons. The estate consisted of both real and personal property, and the plaintiff contends that as there was property more than sufficient for the payment of debts, legacies, and the funeral and testamentary expenses, the trustees named in the will take the real estate, if at all, upon the trust to divide the same among poor families and charitable institutions, and that such a trust is not valid, because an express trust of real estate is not permitted for such purposes, and because the beneficiaries are indefinite or uncertain.

An inspection of the will shows that the testator contemplated that the trustees must necessarily convert the whole estate into money, in order to carry out the provisions of the will. In Fraser v. Trustees, 124 N. Y. 479, 485, 26 N. E. 1036, the court held as follows:

"When a will expressly confers power upon the executors to convert real estate into money, and it is evident that the testator contemplated that it must be done for the purpose of carrying the will into effect, and it appearing that in no other way can the intent of the testator be effectuated, the realty will be deemed to have been converted into personalty."

Under this authority the will worked a clear equitable conversion of the real estate into personalty, and the consequent creation of a trust in personal property. Such a trust is not forbidden by the statutes, and is valid. But, even if there had been no such conversion, a valid trust was created in the real estate, and the title to the property vested in the executors as trustees. The statute of uses and trusts, which was in force at the time of the testator's death, allowed an "express trust" of real property, "to sell, mortgage or lease lands, for the benefit of legatees." 2 Rev. St. (9th Ed.) p. 1797, § 55, subd. 2. The will, under the clauses above cited, required the trustees to sell the property, and the funds were to be held in trust to pay the legacies in question. Section 60 of the same statute reads as follows:

"Every express trust, valid, as such, in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees, in law and in equity, subject only to the execution of the trust. The persons for whose benefit the trust is created, shall take no estate or interest in the lands, but may enforce the performance of the trust in equity."

It follows that the trustees took the legal title to the real estate. It will be observed that although they were not, in express words, empowered to receive the rents and profits, the will contemplates no other appropriation thereof. Under the decisions in Robert v. Corning, 89 N. Y. 225, and Steinhardt v. Cunningham, 130 N. Y. 292, 299, 29 N. E. 102, no particular words are necessary to create a trust. In the latter case the court said:

"No particular words are necessary to create a trust, and one may be implied where from the whole will it is apparent that the testator intended that the trustees should be empowered to receive the rents and profits, and for that purpose, and to accomplish the other objects of the will, it appears to be convenient and advantageous that they should be vested with the legal estate."

The trustees, therefore, took the legal title to the property, either as converted personalty or as realty; and the only remaining question is whether the legacies are void for indefiniteness of description of the beneficiaries. It is unnecessary to discuss the history of chapter 701 of the Laws of 1893, entitled "An act to regulate gifts for charitable purposes"; but its provision is specific, and peculiarly applicable to the will under consideration in this action. Section 1 provides as follows:

"No gift, grant, bequest or devise to religious, educational, charitable, or benevolent uses, which shall, in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, bequest or devise there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such lands or property shall vest in the supreme court."

This statute removes any possible question as to the validity of the bequests in question, and we have no doubt of the correctness of the judgment from which this appeal is taken.

The judgment must be affirmed, with costs.

CULLEN, J. (concurring). I am inclined to the opinion that the will directs an equitable conversion of the realty. But if this be not

its proper construction, and we assume that as to the realty the exec-utors are only donees of a power in trust, I am of opinion that the statute of 1893 (Laws 1893, c. 701) applies as well to powers as to trusts. The first section reads:

"No gift, grant, bequest or devise to religious, educational, charitable, or benevolent uses, which shall, in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same."

The term "grant" as properly includes the creation of a power as it does a direct devise, and is so used in the chapter of the Revised Stat-utes relating to the creation of powers; and there may be a "trustee" of a power, as well as of a trust estate. 1 Rev. St. p. 734, § 100. The learned counsel for the appellant concedes that, if the executors took a trust estate, then the provisions of the will would be valid, un-der the statute of 1893. In my judgment, the same rule obtains in the case of a power as in that of a trust.

The judgment should be affirmed, with costs. All concur.