(66 Misc. Rep. 388.)

MANLEY v. FISKE et al.

(Supreme Court, Special Term, New York County. February, 1910.)

1. TRUSTS (§ 2*)—TESTAMENTARY TRUSTS—VALIDITY—WHAT LAW GOVERNS.
    The validity of a testamentary trust is to be determined by the law of the place where the fund is situated.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 2; Dec. Dig. § 2.*]

2. CHARITIES (§ 21*)—CHARITABLE USES—VALID TRUST—"GIFT FOR CHARI-
TABLE USE."

   A will provided that testator desired his executors to divide any sur-
plus "among such American charities they may think well of," with a sug-
gestion as to certain charities to which testator "would like" the money
to be given. *Held* a gift for a charitable use within Laws 1893, c. 701, as
amended by Laws 1901, c. 291, and to create a valid trust.

   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 44–50; Dec.
Dig. § 21.*

   For other definitions, see Words and Phrases, vol. 2, pp. 1074–1088;
vol. 8, p. 7600.]

Action by Isabella M. Manley against Harrison Grey Fiske and
others to construe a will. Decree rendered.

J. Hampden Dougherty, for plaintiff.

Charles E. Lydecker, for defendants Fiske and Tyrrell.

Shearman & Sterling, for defendants Albert A. Gilmer and Francis
Bourne Newton.

Harry David Kerr, for defendants Maria Louisa Overman and
Louisa B. Gore.

E. R. O'Malley, Atty. Gen. State of New York.

BLANCHARD, J. This is an action to construe a will, the disputed
clause of which is as follows:

"After the above legacies are paid without unnecessary delay the sum re-
maining I desire my executors to divide the surplus among such American
charities they may think well of, and I would like these sums to be given to
any society that assists poor needlewomen (seamstresses), whose toil is so
poorly requited; if no such organization exists, the money to be divided for
the benefit of incapacitated sailors and their families."

The testator died in England, and some question is raised as to
whether he was then domiciled in England or in New York. Even if
the testator were domiciled in England, it seems to be conceded that
the law of New York, where the fund is situated and is to be admin-
istered, must control the validity of the trust. Mayor of Lyons v.
Advocate General of Bengal, L. R. (1 App. Cas.) 91, 110. Chapter
701, Laws 1893, as amended by chapter 291, Laws 1901, provides
that:

"No gift, grant, bequest or devise to religious, educational, charitable or
benevolent uses, which shall in other respects be valid under the laws of this
state, shall be deemed invalid by reason of the indefiniteness or uncer-
tainty of the persons designated as the beneficiaries thereunder in the instru-
ment creating the same. If in the instrument creating such a gift, grant,
bequest or devise there is a trustee named to execute the same, the legal title
to the land or property given, granted, devised or bequeathed for such pur-
poses shall vest in such trustee. If no person be named as trustee, then the
title to such lands or property shall vest in the Supreme Court."

In directing his executors to "divide the surplus among such
American charities they may think well of" the testator clearly made
a gift for charitable uses within the meaning of the statute above
quoted. The fact that the title may not clearly have been given to
the executors cannot invalidate the trust, because by the express lan-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

guage of the statute title must vest in the Supreme Court if no person be named. Kelly v. Hoey, 35 App. Div. 273, 55 N. Y. Supp. 94. Similarly the fact that the beneficiaries are not definitely named cannot invalidate the trust, because the express language of the statute cures that deficiency and gives to the Supreme Court control in said cases. See Kelly v. Hoey, supra; Bowman v. Domestic & Foreign Missionary Soc'y, 182 N. Y. 494, 75 N. E. 535. None of the authorities relied upon by the contesting defendants is inconsistent with these views. Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, merely holds that a voluntary, unincorporated religious association named as beneficiary by the testator cannot take a gift. That question is not raised in the present case. Mount v. Tuttle, 183 N. Y. 358, 76 N. E. 873, 2 L. R. A. (N. S.) 428, and Catt v. Catt, 118 App. Div. 742, 103 N. Y. Supp. 740, are distinguishable on the similar ground that the beneficiaries named by the testator were not corporations capable of taking such gifts. Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455, merely holds that, if the purposes of an attempted trust are so indefinite and uncertain that the court cannot administer them, the trust is not saved by the statute above quoted. That question is not raised in the present case, because the purposes were definitely described by the testator. The discussion of the statute by the court in the case last cited strongly confirms the views hereinbefore expressed, and the provision of the will above quoted must be held to create a valid trust.

Ordered accordingly.